The document below is hereby signed.

Signed: January 31, 2017



_S. Martin Teel, Jr._
S. Martin Teel, Jr.
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| In re | ) | |
| | ) | |
| MARY EVELYN CASNER, | ) | Case No. 16-00662 |
| | ) | (Chapter 7) |
| Debtor. | ) | Not for publication in |
| | ) | West's Bankruptcy Reporter. |

MEMORANDUM DECISION AND ORDER RE
MOTION TO CONTINUE HEARING REGARDING
SPECIALIZED LOAN SERVICING LLC'S MOTION FOR
RELIEF FROM THE AUTOMATIC STAY REGARDING REAL PROPERTY
LOCATED AT 1332 INDEPENDENCE AVENUE SE, WASHINGTON, DC 20003

On January 13, 2017, Specialized Loan Servicing LLC filed a motion for relief from the automatic stay regarding the debtor's real property located at 1332 Independence Avenue, SE, Washington, DC 20003. The debtor's attorney seeks to continue the hearing on the motion to February 23, 2017.[1]

---

[1] Under 11 U.S.C. § 362(e)(1), the automatic stay would terminate on February 13, 2017 (after the passage of 30 days after the filing of the motion for relief from the automatic stay), unless the court, after notice and a hearing, orders the automatic stay to continue pending conclusion of a final hearing. I find it unnecessary to hold a hearing to address the motion for a continuance.  As discussed below, inadequate grounds have been advanced to warrant a continuance.

The debtor's opposition to the motion hints that there is equity in the property.[2] However, the debtor has claimed the property exempt under a District of Columbia statute that permits a debtor to exempt the entirety of the debtor's residence. Although the time for objecting to the debtor's exemptions has not expired, the chapter 7 trustee, who represents the interests

---

[2] The debtor does not actually assert that there is equity in the property, and a close examination of the debtor's opposition reveals that there may be no equity. The debtor scheduled the property as worth $833,860 and does not state what she now believes the property is worth, aside from stating that "the stated valuation of the subject property is way below compatible properties sold in the neighborhood which is attached as Exhibit A." According to the information in that exhibit, the lowest sale price of a neighboring property is $907,000. One of the properties listed in the attached exhibit, located at 1311 Independence Ave., SE, on the block across the street from the debtor's home, sold for $988,500, an amount that, less typical closing costs, would not suffice to satisfy the debt in this case.
    The mortgagee in this case claims that the debtor owes $1,564,690.77. The debtor asserts that the mortgagee has overstated the amount owed because "the arrearages calculated by Movant includes principal payments which are added back to the outstanding balance thereby overstating the principal amount due[.]" The debtor also questions certain fees assessed and included in the arrearages.
    The debtor does not state what the correct amount owed is, but even if the entire $613,996.72 of arrearages were subtracted from the amount the mortgagee says is owed, $1,564,690.77, a debt of $950,694.05 would still be owed. If the debtor's property were then sold at the same sales price as that of the nearby property at 1311 Independence Ave., SE, $988,500, factoring in closing costs charged to the debtor that would likely far exceed 4%, the debtor would likely realize less than $950,694.05; thus, there would be no equity in the property. Under 11 U.S.C. § 362(d)(2), relief from the stay would be appropriate because there would be no equity in the property and, in this chapter 7 case, the property obviously is not necessary to achieve an effective reorganization.

of the estate and of unsecured creditors in this case, has not seen fit to file a timely opposition to the motion for relief from the automatic stay.[3] The debtor does not represent the interests of the estate and creditors, and having claimed that the property in its entirety is exempt, the debtor is not in a position to contend that the interests of the estate and of unsecured creditors warrants denying relief from the automatic stay.  The Bankruptcy Code does not provide to a debtor in a chapter 7 case any tools to modify the rights of a creditor holding a consensual lien on real property.  The automatic stay comes into effect when the petition is filed and it maintains the status quo while the parties and the court evaluate whether there is any bankruptcy-related reason to keep the automatic stay in place for the duration of the bankruptcy proceedings.  When, as here, no such reason has been articulated, the automatic stay should be lifted.

In any event, the automatic stay has expired in this case.  As the debtor's petition acknowledges, she filed a prior case in this court, Case Number 16-00333.  That case was dismissed in September 2016, and the petition in this case was filed in

---

[3] If, for some reason, the debtor's exemption of the property were to be disallowed, the trustee would still be entitled to seek to sell the property, and could seek injunctive relief against any foreclosure sale so that the trustee, using a real estate broker, could realize a higher sales price then might be realized at a foreclosure sale.

December 2016.  With exceptions of no relevance, 11 U.S.C. § 362(c)(3) provides:

> [I]f a single or joint case is filed by . . . a debtor who is an individual in a case under chapter 7 . . . and if a single or joint case of the debtor was pending within the preceding 1-year period but was dismissed, . . . —
>     (A) the stay under subsection (a) with respect to any action taken with respect to a debt or property securing such debt . . . shall terminate with respect to the debtor on the 30th day after the filing of the later case[.]

Although 11 U.S.C. § 362(c)(3)(B) permits a party in interest to request a continuation of the automatic stay beyond the 30-day period, § 362(c)(3)(B) provides that any hearing on such a request must be "completed before the expiration of the 30-day period . . . ."  More than 30 days have elapsed since the filing of the petition in this case, and therefore the automatic stay has terminated.

It makes no sense to continue the hearing on a motion for relief from the automatic stay when (1) the debtor has failed to articulate any bankruptcy reason why the automatic stay ought to stay in place, and (2) the automatic stay has already terminated by reason of 11 U.S.C. § 362(c)(3)(B).  It is thus

ORDERED that the debtor's motion (Dkt. No. 39) seeking to continue the hearing on the pending motion for relief the automatic stay is DENIED.

                                        [Signed and dated above.]

Copies to: Debtor; recipients of e-notification of orders.

4